UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA


William Otis,

       Plaintiff,

v.

Irell Knudsen, individually and
as a beneficiary of the estate of
Charles B. Knudsen, Daniel Knudsen
as a beneficiary of the estate of
Charles B. Knudsen and as successor
trustee to the Charles B. Knudsen Trust,
Steven Corson d/b/a Corson Law Offices,
Phillip R. Burkholder, Harold A. Berge,
Rose M. Berge, Cindy Lou Berge, and
First Southeast Bank, a Minnesota corporation,

       Defendants.

MEMORANDUM OPINION
AND ORDER
Civil No. 05-489 (MJD/AJB)

_____

Plaintiff is pro se.

Arvid Wendland, Wendland Law Office for and on behalf of Defendant
Phillip Burkholder.

Daniel A. Haws and Stacy E. Ertz, Murnane Brandt, for and on behalf of
Defendants Irell Knudsen and Daniel Knudsen.

_____

This matter is before the Court upon Defendants Burkholder and Irell and

Daniel Knudsen's motions to dismiss.

1

Background

In his Amended and Restated Complaint filed on March 1, 2006, Plaintiff

alleges that in the spring of 1996, Defendant Charles Knudsen agreed to finance

Plaintiff's purchase of a house in Harmony, Minnesota.  The structure of this

financing was that Charles would loan Plaintiff the $30,000 purchase price of the

Harmony property, and in exchange, Plaintiff agreed to pledge the proceeds of the

sale of property owned by Plaintiff located in Mille Lacs County, in the amount of

$15,000, and would assign to Charles his "Land Contract" for the sale of another

property located in Polk County, Wisconsin valued at $18,730.

Plaintiff alleges that after the financing was in place, he entered into a

purchase agreement with the owner of the Harmony property, Denis Yoder.  The

closing took place in March 1996.  At the closing, Charles provided the purchase

price, and a warranty deed to the Harmony property was granted to Charles B.

Knudsen, as the trustee of the Charles B. Knudsen Trust.  This deed was recorded

on April 2, 1996.

Plaintiff further alleges that on July 1, 1996, he repaid the indebtedness

owed to Charles by signing over a check Plaintiff received for the sale of the Mille

Lacs property in the amount of $15,000 and by assigning to Charles Plaintiff's

rights as seller for the Polk County property.  In addition, Plaintiff alleges he

turned over a check in the amount of $5,000 to be held in deposit to ensure that

Charles would receive at least $18,730 for the Polk property.

Plaintiff alleges that despite the payments and assignments made on July 1, 1996, Charles did not give Plaintiff a satisfaction of judgment or a warranty deed to the Harmony property.  Charles cashed both the $15,000 and the $5,000 checks.

Plaintiff alleges he moved into the Harmony property in the fall of 1996, and that over the next four years he made substantial improvements to the property in the amount of $18,700.  In 1999, Charles allegedly turned over a quit claim deed to the Harmony property, but that deed was never recorded.

During the time he lived in the Harmony property, Plaintiff alleges he engaged in a number of disputes with his neighbors, the Berges, over boundary issues.

In 2001, Plaintiff asserts he moved to Iowa, and then to Arkansas.  Prior to moving, he claims he rented the Harmony property to Tom Osborne, who allegedly also made improvements to the property.

In early 2003, Plaintiff alleges that Defendant Philip Burkholder, Fillmore County Treasurer, sent a letter to Charles stating there were back taxes due on the Harmony property.  In response, Charles is alleged to have sent a letter to Burkholder stating Plaintiff was the owner of the Harmony property, and that Burkholder should contact Plaintiff regarding the back taxes.  Plaintiff claims he

paid the back taxes due in the amount of $6,035.21.

In 2003, Burkholder allegedly told Plaintiff to send him the quit claim deed, and that he would hold the deed until all back taxes on the property had been paid.  By December 2003, Plaintiff paid all the back taxes, but Burkholder did not record the deed.  Instead, the deed was sent to the Corson Law Office, where it has remained.

On or about June 10, 2004, Charles Knudsen, as trustee of the Charles Knudsen Trust granted a quitclaim deed to Charles, even though he had already accepted payment from the Plaintiff.  This deed was later recorded on June 21, 2004.  On or about June 10, 2004, Charles and his wife Irell transferred the property to Harold Berge.  The Berge Deed was recorded on July 15, 2004.  Upon information and belief, Plaintiff claims Charles received $45,000 from the Berges for the Harmony property.  Thereafter, a portion of the property was granted to Cindy Lou Berge.

Plaintiff claims that he has tried to enter onto the Harmony property, but has been prevented from doing so by the Berges.

Plaintiff has asserted eleven claims in his Amended and Restated Complaint including a quiet title claim, voiding the Berge's conveyance, ejectment, trespass, breach of contract, negligence, to conversion, unjust enrichment and slander of title.

Attempts to settle this case through a mediator have failed.  Before the Court are two motions to dismiss.

Defendant Irell and Daniel Knudsen's Motion to Dismiss

Defendant Daniel Knudsen, individually and as beneficiary of the Estate of Charles Knudsen and as a successor trustee to the Charles B. Knudsen Trust and Defendant Irell Knudsen, individually and as beneficiary of the Estate of Charles Knudsen move to dismiss the Amended and Restated Complaint pursuant to Fed. R. Civ. P. 12 (b)(5), insufficiency of service of process.

Irell Knudsen died on October 28, 2004, therefore she was never personally served the Amended and Restated Complaint.  Daniel Knudsen asserts he has never been served a copy of the Amended and Restated Complaint, nor a summons.

Rule 4(c)(1) of the Federal Rules of Civil Procedure provide that "[a] summons shall be served together with a copy of the complaint."   Rule 4(m) provides that service must be made within 120 days after the complaint is filed with the Court.  If service is not timely made, the Court may dismiss the action without prejudice or direct that service be effected within a specified time.  Rule 4(m).

Because Irell Knudsen was not named as a party until the Amended and Restated Complaint was filed, and because she had died prior to the filing of this

Complaint, Defendants argue the matter should be dismissed against her with prejudice.  As to Daniel Knudsen, Defendants argue that service has never been properly effected as he was never served a Summons with the Amended Complaint that was filed in March 2005.  Defendants assert Daniel's wife was personally served a copy of the Amended Complaint at their home, but the Amended Complaint was not accompanied by a Summons.  Instead, a Summons was later mailed to Daniel Knudsen's home.  Defendants further argue that he was not served a copy of the Amended Complaint until 130 days after it was filed.  Finally, Defendants assert that Daniel has never been served the Amended and Restated Complaint.

Plaintiff responds that he properly served Irell Knudsen by serving Daniel Knudsen, who is the only living beneficiary of the Charles Knudsen Trust and the estate of Charles Knudsen.  With respect to Daniel Knudsen, Plaintiff asserts that upon the advice of the Clerk's Office, he sent by First Class mail a copy of the complaint, with two copies of a waiver of summons.  A reasonable time from the date of mailing has expired, and a waiver of the summons has not been returned or an answer made to the complaint.  Plaintiff argues the Rules concerning service are ambiguous because service by mail is allowed under the Minnesota Rule, but personal service is required under the District Court's Local Rules, 4.1.

Defendants reply that Plaintiff has provided no proof that Daniel was properly served.  Absent evidence that demonstrates the defendants were timely and properly served, dismissal without prejudice is appropriate.

Plaintiff, without prior court permission, responded to Daniel Knudsen's reply.  In this latest submission, Plaintiff asserts Daniel did execute and return a waiver of the summons in May 2005.  Given the date, this waiver refers to the Amended Complaint which was filed in March 2005.  As the complaint was amended thereafter, this Court is only concerned with proof of service concerning the Amended and Restated Complaint which was filed in 2006.  Plaintiff has failed to provide such proof, nor offer any explanation as to why such proof has not been proffered.

This Court has the discretion to allow a plaintiff an extension in which to properly serve a defendant if the plaintiff makes a showing of excusable neglect. Adams v. AlliedSignal Gen. Aviation Avionics, 74 F.3d 882, 887 (8th Cir. 1996).  At the time the Amended and Restated Complaint was filed, Plaintiff was represented by counsel.  Since that time, counsel has been allowed to withdraw. In his written submissions to the Court, and at oral argument, Plaintiff failed to demonstrate that he either properly effected service, or that lack of service of process was due to excusable neglect.  Accordingly, the claims asserted against Irell and Daniel Knudsen will be dismissed without prejudice.

7

Burkholder's Motion to Dismiss

Defendant Burkholder asserts he and Plaintiff entered into a settlement agreement during mediation.  Wendland Aff., Ex. 4.  Pursuant to this agreement, Burkholder would pay to Plaintiff $7,500 in exchange for a Pierringer Release executed by Plaintiff.  Burkholder's attorney drafted the Pierringer release and submitted it to Plaintiff's prior counsel, Timothy Field of Kallas & Associates, for execution.  Burkholder states that he has not received an executed copy of the Pierringer release.   Kallas & Associates has been allowed to withdraw and has filed a Notice of Attorney's Lien.

Burkholder seeks an Order pursuant to Rule 67 of the Federal Rules of Civil Procedure allowing him to deposit the $7,500 settlement amount with the Court for ultimate determination as to who is entitled to those funds, and for dismissal of the claims against him.

In response to Burkholder's motion to dismiss, Plaintiff has moved for summary judgment, arguing that he did execute a Pierringer release, and that the Notice of Attorney's Lien was filed as an attempt to defeat the Pierringer release. With his brief, Plaintiff has submitted what looks like an executed Pierringer release, but on closer examination, Plaintiff has merely attached the signature page from the settlement agreement to the end of a Pierringer release document.

Based on the signed settlement agreement submitted to the Court, and the

fact that Plaintiff has not demonstrated that he has submitted a fully executed Pierringer release to Defendant Burkholder, the motion to deposit the settlement amount with the Court shall be granted, and the case against Defendant Burkholder be dismissed.

IT IS HEREBY ORDERED THAT:

1.   Defendant Irell and Daniel Knudsen's Motion to Dismiss [Doc. No. 67] is GRANTED.  All claims asserted against Irell and Daniel Knudsen are dismissed without prejudice.

2.   Defendant Burkholder's Motion to Deposit Funds and for Dismissal [Doc. No. 76] is GRANTED.  Defendant Burkholder shall deposit the sum of $7,500 with the Clerk of Court pursuant to Fed. R. Civ. P. 67.  Upon deposit of said sum, the claims against Defendant Burkholder shall be dismissed with prejudice.

3.   Plaintiff's motion for summary judgment against Defendant Burkholder [Doc. No. 81] is DENIED.

Date: February 15, 2007

s / Michael J. Davis
Michael J. Davis
United States District Court